**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR BAPTISTE, | : |
| Plaintiff, | : Civ. No. 18-16826 (KM) |
| v. | : |
| ATTORNEY GENERAL OF THE UNITED STATES, | : **OPINION & ORDER** |
| Defendant. | : |

## **KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The plaintiff, Oscar Baptiste, is an immigration detainee currently held at the Essex County Correctional Facility in Newark, New Jersey. There is a final order of removal, based on his conviction of an aggravated drug felony. Although the Court of Appeals initially stayed removal, it lifted the stay after finding an insufficient likelihood of success on appeal.

This is an action seeking a writ of mandamus compelling the United States Citizenship and Immigration Service ("USCIS") to adjudicate his N-400 application for naturalization as a U.S. citizen. On February 1, 2019, Mr. Baptiste filed a motion for stay of removal pending resolution of this action. (DE 6). The United States filed a response on February 19, 2019. (DE 8) For the reasons stated in my Opinion and Order ("Op.", DE 11) herein, I denied the motion for a stay. Familiarity with that Opinion is assumed.

Now before the Court is a motion for reconsideration of my Opinion and Order denying a stay of removal. (DE 13) I also consider a reply submission on the motion to stay, submitted after I had filed my opinion. (DE 12) Because the submissions are sufficient, I will not require a response from the United States.

## II. MOTION FOR RECONSIDERATION

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## III. DISCUSSION

### A. Failure to Consider Reply Submission

Mr. Baptiste's motion for a stay was presented on an urgent basis. While it was pending, Mr. Baptiste wrote to the Court stating that the Immigration authorities had attempted to deport him placing him on an airplane to Panama. (DE 9) Responding, I wrote a decision on the stay motion on the very day I received that letter (which also happened to be the return date of the stay motion)— March 4, 2019. (DE 11) Eight days later, on March 12, 2019, Mr. Baptiste filed a reply submission on the stay motion. (DE 12) He takes the Court to task for failing to take his reply into account in its analysis, but of course the Court had not received the reply as of the return date of the motion.

2

Mr. Baptiste acknowledges that he filed his reply late, but says he did so because the institutional mail did not deliver the government's response to him until February 29, 2019. He is incorrect in inferring that this entitled him to an automatic extension of time. At any rate, he had time enough to respond timely, or at least to seek an extension. Having received no further submission, the court committed no error in deciding the motion on the return date.

It appears that much of the argumentation in the late reply is incorporated in this motion for reconsideration. To remove doubt, I consider both submissions. (DE 12, 13)

### B. "Physically Resisted"

At the outset, Mr. Baptiste takes issue with the statement in the Court's Opinion that he, in his letter, stated that he "physically resisted being placed on a plane to Panama." That statement, he says, implies that he was the aggressor, and also raises doubts as to court's impartiality.

Mr. Baptiste's letter in support of his motion for a stay did not use the phrase "physically resisted," but that is a fair characterization. Here is a sample of what Mr. Baptiste wrote:

> Because I doubted that the agents were being truthful with regards to whether the Court had entered a decision on my petition giving the fact that I have not received anything from the Court indicating that to be the case, I refused to willfully board the plane. The situation then became violent. The agents proceeded to attempt to force me on the plane. When I refused to move, they began punching me, choking me, and dragging me.

(DE 9 at 1)

In short, the agents attempted to escort Mr. Baptiste onto the plane in order to execute an order of removal to Panama. Mr. Baptiste writes that he "refused to willfully board the plane"; that the agents then "proceeded to attempt to force me on the plane"; that he "refused to move"; and that the confrontation escalated physically. The reader may judge as to whether "physically resisted" is a fair characterization. At any rate, it matters little to the merits of the application for a stay.

3

### C. Arguments on the Merits of the Stay

As to the merits of his application for a stay of removal, Mr. Baptiste offers no argument that merits reconsideration. He points to no intervening change in the law, no new evidence or argument that was not available at the time of my decision, and no clear legal error or manifest injustice.

### 1. Jurisdiction

Most importantly, Mr. Baptiste bypasses the main, jurisdictional basis for the Court's decision. Instead, he concentrates on the alternative bases for the Court's decision, as well as what he regards as the substantive merits of his petition. This all misses the point, because the application before the Court is one to stay the government's execution of an order of removal that is not currently stayed.

As pointed out in my earlier Opinion (see Op. at 3–5), the REAL ID Act strips this court of jurisdiction to hear challenges to the Government's exercise of its discretion to "commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). See also *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Nothing in the reconsideration motion addresses that point.[1]

As to the stay, I merely point out the following. Mr. Baptiste sought review of the BIA order in the U.S. Court of Appeals for the Third Circuit (Docket No. 18-3618). The Third Circuit issued a temporary stay, but on January 17, 2019, it vacated that stay, holding that "Petitioner has not shown a likelihood of success on the merits of his petition for review." (DE 8-5) In short, the order of removal is final and is not currently subject to any stay by the appellate Court that possesses jurisdiction to enter one.

---

[1] At one point, Mr. Baptiste refers to the "contention that I am attacking my removal order (which is clearly not true)." The merits of his petition aside, the application before the Court was a motion to stay execution of the removal order.

4

### 2. Stay factors

In an abundance of caution, my Opinion addressed the four familiar stay factors in the alternative. (Op. 6–9)

Mr. Baptiste's underlying claim is that he is not a deportable alien, but a U.S. citizen—or rather that he *should be* declared a U.S. Citizen *nunc pro tunc*, because he was misled by the authorities in 2007 as to the proper procedure, and ended up having to reapply in 2011. In the meantime, he was convicted in the U.S. District Court for the District of South Carolina of importing cocaine, and sentenced to 108 months' imprisonment.

On February 14, 2019, USCIS issued a decision denying Plaintiff's N-400 application on the basis that he is statutorily ineligible for naturalization based on the fact he is subject to a final order of removal and is an aggravated felon. (DE 8-6) USCIS also denied Plaintiff's N-336 seeking to reopen or reconsider his 2007 USCIS application as untimely. *Id.*

I will not repeat my analysis, other than to state that Mr. Baptiste cites no case awarding the relief he seeks under similar circumstances. The most closely analogous case, *Duran-Pichardo v. Attorney Gen. of U.S.*, 695 F.3d 282 (3d Cir. 2012), discussed at length in my earlier Opinion (Op. 7–8 & n.5), is to the contrary, and strongly suggests that the petitioner has little likelihood of success on the merits.

### ORDER

For the foregoing reasons,

IT IS this 26th day of March, 2019

ORDERED that the plaintiff's motion for reconsideration (DE 13) is DENIED.

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge